___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

JUN 0 2 2006

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## WRITTEN RECORD OF PLEA AGREEMENT
## U.S. MAGISTRATE JUDGE
## FLAGSTAFF, ARIZONA

UNITED STATES OF AMERICA v.   __James P. Schilder__

MAG./CITATION NO. **06-4079M**

Year of Birth: __1968__   Last four of SSN: __0786__

VIOLATION PLEADING GUILTY TO: __Count III- Disorderly Conduct (Creates or maintains a hazardous condition), a Class B misdemeanor, in violation of 36 CFR 2.34(a)(4).__

MAX. FINE: __$5,000__

MAX. IMPRISONMENT: __Six (6) months__

MAX. PROBATION/SUPERVISED RELEASE: (18 U.S.C. § 3561 and § 3583) __Five (5) year__

SPECIAL ASSESSMENT (18 U.S.C. § 3013): __$10__

RULE 11(c)(1)(C), Fed. R. Crim. P., Stipulated Sentence: __The defendant shall be allowed to enter a plea of "no contest" to the charge above (with the facts provided in the affidavit as the factual basis) and the Court shall accept the plea but defer sentencing for a period of two (2) years. During this two (2) year time period the defendant shall provide proof of completion of eighty (80) hours of community service and successful completion of an anger management screening. The defendant is banned from Grand Canyon National Park during this two (2) year time period and he is not to have direct or indirect contact with witnesses in this case. (Bernice Reeve, Tawn Mangum, Randy Wolf, Diane Cockroft, Jennifer Sypher or Kyle Ribley). The defendant has agreed to make a donation of $500 to the Grand Canyon Association during this time period with the agreement that the United States will not seek a fine. If the defendant completes these terms, stays out of the Grand Canyon National Park for two (2) years and commits no further violations of law then the case will be dismissed at the end of the two (2) years. If the defendant violates these terms then the Judgement will be entered and sentence is left to the Court's discretion.__

DISPOSITION OF ADDITIONAL CHARGES: __The United States will dismiss Counts 1 and 2__

VICTIM INFORMED OF AGREEMENT: __N/A__   APPROVED: _____

RESTITUTION IN THE AMOUNT OF: **N/A**

I, _____**James P. Schilder**_____, understand that the above sentencing recommendation is not binding upon the Court and if the Court rejects the recommendation and imposes a sentence different from that recommended, I will not be permitted to withdraw my plea of guilty.

By pleading guilty, I will be giving up my rights to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt. I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my conviction. The nature of the charge(s) and the possible penalties have been explained to me, and there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement. I am fully capable of understanding this agreement and enter it voluntarily.

_____   6/2/06
JAMES P. SCHILDER                 Date
Defendant

_____   6-2-06
CAMILLE BIBLES                    Date
Assistant U.S. Attorney

_____   6-2-06
MARK E. ASPEY                     Date
U. S. Magistrate Judge

_____ACCEPTED      _____REJECTED